Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: marc.kalagian@rksslaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax: (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff
Cristiann P. Romero

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRISTIANN P. ROMERO,<br><br>    Plaintiff,<br><br>    vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 2:25-cv-01521-BNW<br><br>STIPULATION AND PROPOSED ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920; DECLARATION OF MARC V. KALAGIAN |

TO THE HONORABLE BRENDA WEKSLER, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Cristiann P. Romero ("Romero") be awarded attorney fees in the amount of THIRTEEN HUNDRED

-1-

1  dollars ($1,300.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. §
2  2412(d), and no costs under 28 U.S.C. § 1920.  This amount represents
3  compensation for all legal services rendered on behalf of Plaintiff by counsel in
4  connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

5      After the Court issues an order for EAJA fees to Romero, the government
6  will consider the matter of Romero's assignment of EAJA fees to Marc Kalagian.
7  The retainer agreement containing the assignment is attached as exhibit 1.
8  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the
9  assignment will depend on whether the fees are subject to any offset allowed under
10 the United States Department of the Treasury's Offset Program.  After the order for
11 EAJA fees is entered, the government will determine whether they are subject to
12 any offset.

13     Fees shall be made payable to Romero, but if the Department of the
14 Treasury determines that Romero does not owe a federal debt, then the government
15 shall cause the payment of fees, expenses and costs to be made directly to Law
16 Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed
17 by Romero.[1]  Any payments made shall be delivered to Law Offices of Lawrence
18 D. Rohlfing, Inc., CPC. Counsel agrees that any payment of costs may be made
19 either by electronic fund transfer (ETF) or by check.

20     This stipulation constitutes a compromise settlement of Romero's request
21 for EAJA attorney fees, and does not constitute an admission of liability on the part
22 of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall
23 constitute a complete release from, and bar to, any and all claims that Romero

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: December 19, 2025        Respectfully submitted,

                          LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

                          /s/ *Marc V. Kalagian*
         BY:_____
            Marc V. Kalagian
            Attorney for plaintiff
            CRISTIANN P. ROMERO

DATE: December 19, 2025        SIGAL CHATTAH
                                    Acting United States Attorney

                              /s/ *Angela Thornton-Millard*
                          _____
                          ANGELA THORNTON-MILLARD
                          Special Assistant United States Attorney
                          Attorneys for Defendant
                          FRANK BISIGNANO, Commissioner of Social
                          Security (Per e-mail authorization)

## ORDER

Approved and so ordered:

DATE:  December 22, 2025

                          _____
                          THE HONORABLE BRENDA WEKSLER
                          UNITED STATES MAGISTRATE JUDGE

**DECLARATION OF MARC V. KALAGIAN**

I, Marc V. Kalagian, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court in this case. I represent Cristiann P. Romero in this action. I make this declaration of my own knowledge and belief.

2. I attach as exhibit 1 a true and correct copy of the retainer agreement with Cristiann P. Romero containing an assignment of the EAJA fees.

3. I attach as exhibit 2 a true and correct copy of the itemization of time in this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this December 19, 2025, at Santa Fe Springs, California.

/s/ *Marc V. Kalagian*
_____
Marc V. Kalagian

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California 90670.

On this day of December 19, 2025, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Cristiann P. Romero
3055 S. Nellis Blvd, Apt. 1077
Las Vegas, NV 89121

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian                    /S/ *Marc V. Kalagian*
TYPE OR PRINT NAME                  SIGNATURE

# SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on July 21, 2025, by and between the Law Offices of Lawrence D. Rohlfing, Inc., CPC referred to as attorney and **Cristiann P. Romero**, S.S.N. -7165, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing, Inc., CPC to represent Claimant as Cristiann P. Romero's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant and auxiliaries or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is $9,200** whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to Disability Help Center of Nevada not to exceed 25% of fees and without adding to any fees owed by Claimant.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.
It is so agreed.

_____  
Cristiann P. Romero  
Signature

*Marc V. Kalagian*  
_____  
Law Offices of Lawrence D. Rohlfing, Inc., CPC  
Marc V. Kalagian

*Cristiann Romero*

Social Security case
Responsible Attorney: Marc V. Kalagian at $251.84
Paralegal: Enedina Perez (EP); Eva Rodriguez (EG)  at $179.00
Clerical: Enedina Perez (EP)

| **DATE:** | **TIME:** | **ATTY:** | **DESCRIPTION:** |
|---|---|---|---|
| 27-Aug-25 | 0.3 | EP | status letter to client |
| 24-Nov-25 | 0.4 | EG | letter to client re remand scope and process |
| 19-Feb-25 | 0.3 | EP | letter to AC re effectuation of judgment |

| Subtotals | 1 | | $179.00 |
|---|---|---|---|

| 15-Aug-25 | 0.3 | EP | preparation of certificate of interested parties, civil cover sheet and IFP |
|---|---|---|---|
| 15-Aug-25 | 0.4 | EP | filing of complaint |

| Subtotals | 0.7 | | 62.65 |
|---|---|---|---|

| 21-Jul-25 | 1.5 | MVK | review of file and ALJ denial for District Court case; letter to client re: same |
|---|---|---|---|
| 15-Aug-25 | 0.4 | MVK | draft complaint; memo to EP re filing |
| 27-Aug-25 | 0.1 | MVK | review order granting IFP |
| 14-Nov-25 | 0.7 | MVK | receipt of email from ARC re remand; t/c with client re remand; preparation of confirmation letter; email response to ARC |
| 24-Nov-25 | 0.1 | MVK | review of order and judment of remand |
| 17-Dec-25 | 0.3 | MVK | letter to client re EAJA |
| 17-Dec-25 | 0.7 | MVK | preparation of letter to regional counsel |
| | 0.5 | MVK | preparation of stipulation for EAJA |

| Subtotals | 4.3 | | $1,082.91 |
|---|---|---|---|

| **TOTAL TIME** | | | **6** |
|---|---|---|---|
| **TOTAL EAJA** | | | **$1,324.56** |